```
                                                          CLERK'S OFFICE U.S. DIST. COURT
                                                                AT ROANOKE, VA
                                                                     FILED
        IN THE UNITED STATES DISTRICT COURT                     JUN 30 2011
         FOR THE WESTERN DISTRICT OF VIRGINIA              JULIA C. DUDLEY, CLERK
                  HARRISONBURG DIVISION                    BY: /s/ DEPUTY CLERK
```

| | |
|---|---|
| JOE R. HARRIS, | |
| | Civil Action No. 5:10CV00091 |
| Plaintiff, | |
| | |
| v. | **MEMORANDUM OPINION** |
| | |
| MICHAEL J. ASTRUE, Commissioner of | |
| Social Security, | By:  Honorable Glen E. Conrad |
| | Chief United States District Judge |
| Defendant. | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Joe R. Harris, was born on January 1, 1952, and eventually completed his high school education. Mr. Harris has worked as a construction laborer. He last worked on a regular basis in 2004. On December 14, 2006, plaintiff filed an application for a period of disability and disability insurance benefits. In filing his claim, Mr. Harris alleged that he became disabled for all forms of substantial gainful employment on March 1, 2005, due to arthritis; back and knee problems;

high blood pressure; and loss of one kidney. Plaintiff now maintains that he has remained disabled to the present time. The record reveals that Mr. Harris met the insured status requirements of the Act through the first quarter of 2005, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to a period of disability and disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before March 31, 2005. See gen., 42 U.S.C. § 423(a).

Mr. Harris' claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 27, 2009, the Law Judge also determined that plaintiff was not disabled at any time prior to the date of termination of insured status. The Law Judge found that prior to March 31, 2005, plaintiff suffered a severe impairment on the basis of degenerative joint disease. The Law Judge held that Mr. Harris was disabled for his past relevant work role. However, the Law Judge found that prior to the date last insured, plaintiff retained sufficient functional capacity to perform light work activity not involving climbing of ladders, ropes, scaffolds, or stairs, and not requiring balancing, stooping, kneeling, crouching, or crawling on more than an occasional basis. Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that plaintiff retained sufficient functional capacity to perform several light work roles existing in significant number in the national economy at all times on and before March 31, 2005. Accordingly, the Law Judge ultimately concluded that Mr. Harris was not disabled, and that he is not entitled to a period of disability and disability insurance benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security

Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Harris has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record strongly supports the proposition that Mr. Harris is now disabled for all forms of substantial gainful activity. In more recent years, plaintiff has undergone replacement of both knees. He continues to suffer from degenerative arthritis in multiple joints as well as gouty arthritis, hypertension, elevated cholesterol and triglyceride levels, and obesity. In a letter dated November 23, 2008, plaintiff's treating physician, Dr. Robert B. Miller, opined that Mr. Harris is totally disabled for all forms of work activity. Indeed, in this letter, Dr. Miller further opined that plaintiff's disability began as early as June of 2004. The difficulty in the case, however, is that Dr. Miller's medical reports compiled immediately before and immediately after the termination of plaintiff's insured status on March 31, 2005, clearly indicate that Mr. Harris' problems had not reached a significant level of severity at that earlier time. While there is obviously a conflict between Dr. Miller's later opinion and his

contemporaneous clinical notes, the court believes that the Administrative Law Judge might reasonably rely on the earlier reports in concluding that plaintiff's impairments had not reached a disabling level of severity at any time on or before March 31, 2005. The court further finds that the Administrative Law Judge properly relied on medical assessments in determining exactly what functional restrictions Mr. Harris experienced as of the date last insured. The Law Judge asked the vocational expert to consider the same functional restrictions in assessing plaintiff's capacity for alternate work activity. The court believes that the Law Judge reasonably relied on the vocational expert's testimony in determining that Mr. Harris retained sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy at all relevant times on and before March 31, 2005. It follows that the Commissioner's final decision denying benefits is supported by substantial evidence, and that the Commissioner's disposition in this case must be affirmed.

On appeal to this court, plaintiff argues that Dr. Miller's later opinion should be binding on the Commissioner, given Dr. Miller's status as a treating physician.[1] See 20 C.F.R. § 404.1527(d). Once again, however, the court must agree with the Administrative Law Judge that Dr. Miller's clinical notes compiled in 2004 and 2005 simply do not support the notion that Mr. Harris was disabled during that earlier period in time. For example, on September 13, 2004, Dr. Miller listed plaintiff's diagnoses as follows:

---

[1] The court recognizes that there is some question in the record as to whether Dr. Miller determined that plaintiff became disabled in June of 2004 rather than June of 2005. However, the court has accepted Dr. Miller's explanation that his original opinion was in error, and that he always intended to date plaintiff's disability back to June of 2004.

4

    Prostatitis, improved
2) Hypertension under treatment
3) History of elevated uric acid
4) Chronic acne rosacea
5) Chronic obesity
6) Solitary right kidney. Renal function borderline in the last two years and as noted on 24 hr urine he does have some protein
7) He has had elevated uric acid in the past, elevated cholesterol, triglycerides
8) He has had previous appendectomy and previous gun shot wound. Again as noted, he has the solitary right kidney. His left kidney apparently was surgically removed years ago. He is not sure of all the details of all of that.

(TR 203). None of these conditions could be expected to seriously affect plaintiff's capacity for work. Indeed, as to Mr. Harris' musculoskeletal condition, Dr. Miller observed on that same day that while plaintiff experienced some chronic back, hip, and knee pain, there was "no acute inflammation of anything at this point." (TR 203).

On April 20, 2005, Mr. Harris presented for an update on medication and regularly scheduled blood work. Dr. Miller noted that plaintiff was "doing relatively well." (TR 201). On that day, plaintiff denied any intestinal or urinary tract problems, and he denied "any specific musculoskeletal pains other than some occasional back and knee pain." (TR 201). Dr. Miller observed that while there was some chronic back, hip, and knee pain, there were no "acute flareups of any joint, no recent gout flareups." (TR 201). The court believes that the Administrative Law Judge reasonably relied on such findings in concluding that plaintiff's musculoskeletal problems had not reached a disabling level of severity as of March 31, 2005.

Finally, the court notes that Dr. Miller's later opinion as to plaintiff's disability relied on developments which occurred several years after termination of insured status. As noted above, Mr. Harris has now undergone replacement of both knee joints. However, these surgeries did not

take place until 2007 and 2008. (TR 277). Furthermore, according to Dr. Miller, Mr. Harris ultimately stopped working when his job was eliminated. (TR 377). Once again, while the court believes that Dr. Miller's report clearly establishes that Mr. Harris is currently disabled, the court remains convinced that the record simply does not support the establishment of a disability onset date at any time prior to the date last insured. It follows that the Commissioner's final decision denying benefits must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Mr. Harris was free of pain, discomfort, and stiffness in his back and knees during the earlier period of time. Indeed, the record indicates that he was experiencing such problems, as well as difficulties associated with the loss of one kidney and elevated lipid levels. However, the court must again note that the medical reports compiled in 2004 and 2005 strongly suggest that his difficulties had not progressed to a disabling level of severity. While Mr. Harris suffered definite subjective manifestations during the earlier period, it must be recognized that the inability to do work without any such discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in questioning the vocational expert and in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by

substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 30th day of June, 2011.

_____
Chief United States District Judge